VICTOR EBERT *vs.* MARCELLUS HARTLEY ET AL. (BRIDGE-
        PORT GUN IMPLEMENT COMPANY).

Third Judicial District, Bridgeport, Oct. Term, 1899.   ANDREWS, C. J.,
     TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A default in an action of negligence imposes upon the defendant the
    burden of disproving the negligence alleged in the complaint, as
    well as of proving contributory negligence upon the part of the
    plaintiff.
The facts in the present case reviewed and *held* not to disclose any error
    of law by the trial court in reaching its conclusion that the defend-
    ants' negligence was the cause of the plaintiff's injury, and that the
    latter's conduct did not contribute thereto.
Contributory negligence of an employee in accelerating the speed of an
    automatic drop-press, cannot be justified upon the ground that
    otherwise he would not have been able to earn ordinary wages.

Argued November 1st—decided November 28th, 1899.

   ACTION to recover damages for personal injuries claimed to have been caused by the defendants' negligence, brought to the Court of Common Pleas in Fairfield County and heard in damages to the court, *Curtis, J.;* facts found and judgment rendered for the plaintiff for $387 damages, and appeal

by the defendants for alleged errors in the rulings of the court. *No error.*

The defendants having suffered a default, the following facts were found by the court upon the hearing in damages.

The plaintiff, an employee of the defendants, was working an automatic drop-press, run by power. This press as originally constructed was operated by two hand levers, one on each side of the press. By working these two levers a hammer weighing 250 pounds was lifted by power 10 or 12 inches, and then permitted to drop of its own weight upon a plate upon which the piece of metal to be flattened was placed.

To obviate the slow method of working the machine by two levers, the defendants so adjusted it that the right-hand lever was not used, but the machine was worked by the left-hand lever alone. The right-hand lever, which is a handle hanging from the side of the machine, and which was of no further use and could have been removed, was left upon the machine after the change was made. At the time of the accident it was so connected with the internal mechanism of the press, that if subjected to continual lateral pressure from the inside it affected the left-hand lever so that the latter when raised up did not fall back of its own weight as usual, but remained up, and the hammer then had a continuous up and down movement. The left-hand lever (when not so affected), if raised, caused the hammer to fall and rise, and when said lever was let to fall back of its own weight it caused the hammer to remain up ten or twelve inches above said plate.

The press was used to flatten pieces of metal. The pressman placed the pieces of metal on the plate beneath the hammer with his hand. This movement necessarily carried the hand under the hammer. After the metal was struck by the hammer, the pressman used the piece of metal next to be flattened to push the one last flattened off the plate, and so on continuously. The pieces of metal thus pushed from the plate fell on a flat surface of the machine, and gradually worked over the side of the press into a box placed to receive them.

Said pieces of metal, when so working over the side of the machine, were liable to give said right-hand lever a lateral pressure sufficient to prevent the left-hand lever from falling, and thus to cause said hammer to rise and fall continuously; and said possible effect was known to the defendants. It was not known to the plaintiff, and could not be known to him from observing and working the machine. Said affect was very dangerous to the pressman, however the machine was worked, and the plaintiff was never told of such danger.

The defendants were negligent in that they did not use reasonable care in providing a reasonably safe drop-press for the plaintiff to use, said press being unsafe for the reasons just stated.

The plaintiff when first put to work upon this machine found that employees of the defendants worked the same by tying up the left-hand lever and thus giving the hammer a continuous up and down movement of about 109 strokes a minute. He also found that the pay for work upon said machine was by the piece, and that only trifling wages could be earned by so slow a method of working the press as raising said lever up and letting it fall back at each stroke of the hammer, and that in order to earn ordinary wages it was necessary to increase the speed by getting a continuous motion of the hammer by tying up the left-hand lever. No evidence of the actual amount of wages paid this plaintiff was offered or received. The foregoing was a general statement of the plaintiff made on cross-examination.

For some two months prior to the day of the accident he had worked at the machine, and when engaged thereon had tied up said lever, and had not been stopped from so doing, or informed that there was any rule to the contrary. On the day in question the plaintiff had about two hours of work on the press, and he worked the same as above described. When the last piece of metal had been put upon the plate and hammered, he turned to slip the string from said lever and bring the hammer to a rest before removing said metal from the plate. He slipped the string and, assuming that the lever would fall as usual and stop the hammer, he thrust his hand

forward to remove the metal from the plate as the hammer rose, but the hammer fell again and crushed his thumb. This falling of the hammer was occasioned by the pieces of flattened metal pressing against said right-hand lever and affecting the internal mechanism of the press so that the left-hand lever could not fall.

The plaintiff was not guilty of negligence in any way whatever. He followed his usual custom in permitting the pieces of metal to gradually work over the side of the machine into the box.

Upon the foregoing facts the defendants claimed that they were not guilty of negligence in not removing said right-hand lever from said machine, and that the plaintiff was guilty of contributory negligence in tying up said left-hand lever and in permitting said pieces of metal to accumulate upon said machine, and in placing his hand beneath said hammer when removing said last piece of metal. These claims the court overruled, and rendered judgment for substantial damages.

These adverse rulings of the court constituted the defendants' reasons of appeal.

*Edwin F. Hall*, for the appellants (defendants).

*Bacon Wakeman*, for the appellee (plaintiff).

HALL, J. As the default imposed upon the defendants the burden of proving either that they were not negligent, as alleged in the complaint, or that the plaintiff's own negligence essentially contributed to cause his injury, the judgment for substantial damages must stand, unless the facts found show that the court committed some error of law in ruling that the defendants had failed to establish either of these propositions. *Lawler* v. *Hartford Street Ry. Co.*, 72 Conn. 74.

The defendants' first claim is that the court erred in not deciding upon the fact proved that the defendants were without negligence.

At the time of the accident the drop-press operated by the plaintiff was so constructed that when the left-hand lever

Ebert *v.* Hartley et al.

was raised the hammer would fall and rise, and so move continuously while the lever remained raised ; and the machinery of the press was supposed to be so adjusted that when the pressman released the raised lever it would fall of its own weight, and that another blow would not be given by the hammer until the lever was again raised, but that it would remain suspended ten or twelve inches above the plate upon which the pieces of metal to be struck by the hammer were placed by the person operating the press. To prevent the hammer from falling upon the hand or arm of the pressman engaged in the ordinary manner, in removing from the plate, the stamped pieces of metal after he had released the raised lever, it became of the highest importance that there should be nothing in the mechanism or condition of the press which would prevent the lever from falling of its own weight and stopping the movement of the hammer. The accident in question occurred because the lever when released failed to fall of its own weight and stop the hammer, as it was designed to. The reason it did not fall was that pieces of flattened metal, pressing against another lever attached to the right-hand side of the press, so affected its internal mechanism that the left-hand lever could not fall. This second lever had become useless, and could have been removed and the danger of so impeding the action of the left-hand lever obviated. It was known to the defendants that while it remained hanging from the right-hand side of the press it might thus affect the proper action of the left-hand lever. This danger was not communicated to the plaintiff, and was not known to him, nor was it observable from working the machine.

Upon these facts we cannot hold that the trial court erred in ruling that the defendants had failed to prove that they were free from negligence.

The defendants' second claim, that upon the facts found the court erred in deciding that the defendants had failed to prove contributory negligence of the plaintiff, is not supported by the finding.

There would be much force in the argument that the injury was the result of the plaintiff's own act in operating the

machine in an improper manner, if it either appeared that the accident happened while the left-hand lever was fastened in an upright position, or that the tying up of that lever in any way prevented it from falling of its own weight after the fastening had been removed. But the blow of the hammer which injured the plaintiff was given after the removal of the fastening, and the court has not found that the fact that the lever had been tied up caused, or was in any way connected with, the failure of the lever to fall when the string was slipped off. If the failure of the lever to fall was due to the improper manner of operating the press, with the lever fastened in an upright position, it was for the defendants, upon whom rested the burden of proving contributory negligence, to establish that fact.

The finding is that from the pressure of the pieces of metal against the right-hand lever there was danger to the pressman, however the machine was worked, and that "the plaintiff was not guilty of negligence in any way whatever."

Had it been shown that the tying of the lever contributed to prevent it from falling, the fact that it was necessary to so fasten it up to enable the plaintiff to earn ordinary wages would not have relieved him from the charge of contributory negligence.

There is no error.

In this opinion the other judges concurred.