[No. 5070.]
[No. 2636 C. A.]

## Philbin v. The Denver City Tramway Company.

**1.  Street Railway—Right of Traveler in Vehicle.**

A person in a vehicle on a public street has a right to cross street railroad tracks whenever and wherever he may have occasion to do so, and this right of crossing the tracks is not confined to street crossings.—P. 335.

**2.  Same—Duty of Traveler—Steam Railways.**

It is the duty of a traveler to look out for himself and to exercise such ordinary care as would be exercised by reasonable persons under attendant circumstances, but the duty imposed upon persons crossing a steam railway track, to stop, look, and listen, is not rigidly applied to persons traveling a street used by a street railway.—P. 335.

**3.  Same—Pleading—Collision with Vehicle—Contributory Negligence.**

A complaint alleging that the driver, while attempting to cross a street railway track one hundred and fifty feet ahead of car approaching up a steep grade, was detained because the tracks were raised six inches above the surface of the street, and that the plaintiff did not know and had no reason to believe that the horse drawing the wagon would be unable to safely make the crossing, or that wagon would be detained on the track, negative any imputation of negligence of the driver on account of the raised track.—P. 336.

**4.  Same—Duty of Motorman—Negligence of Company.**

It is the duty of the motorman to exercise ordinary care and diligence to ascertain whether the track ahead is clear, and to avoid striking persons or objects upon the track when by the exercise of ordinary care and diligence it is reasonably possible to do so; he is bound to notice the presence of vehicles and pedestrians ahead of his car, being watchful for that purpose, and if he has reason to apprehend danger, he should regulate

the speed of the car so that it might be quickly stopped should occasion require it; and if through his careless or negligent failure to apply such means as the exigencies of the case require to stop the car, and a collision occurs, the company will be liable for the damage occasioned thereby, notwithstanding the prior negligence of the injured party.—P. 336.

5.  Same—Last Chance—Complaint—Demurrer.

Under the allegations of the complaint, the doctrine of "last real chance" cannot be invoked by the defendant, as the complaint charges in substance that the imminency of the danger was unknown to the plaintiff, his back being toward the approaching car, and that by reason of the negligence of the defendant in not sounding an alarm or in any way warning the near approach of the car to the vehicle in which plaintiff was seated, he was without knowledge of such danger. Any imputation of negligence on account of the raised track is negatived by the allegations of the complaint, and such allegations are sufficient to charge the defendant with actionable negligence as the direct and proximate causes of the injuries complained of; and the court therefore erred in sustaining the demurrer.—P. 338.

*Error to the County Court of Arapahoe County.*
*Hon. Ben. B. Lindsey, Judge.*

Action by Michael J. Philbin against The Denver City Tramway Company. From a judgment in favor of defendant, plaintiff brings error.

*Reversed.*

Messrs. Carlon, Skelton & Morrow, for plaintiff in error.

Mr. Charles J. Hughes, Jr., and Mr. Albert Smith, for defendant in error.

Mr. Justice Maxwell delivered the opinion of the court:

Action for damages for personal injuries. A general demurrer to a second amended complaint having been sustained, plaintiff electing to stand thereon, a judgment dismissing the action was entered, to reverse which a writ of error was sued out of the court of appeals.

The only proposition which will be considered is, Does the complaint state facts sufficient to constitute a cause of action?

The material allegations of the complaint are, that the defendant is a corporation operating a street railway system in the city of Denver; that plaintiff, as a guest, in a wagon drawn by a single horse, was riding north along Broadway, a public street in the city of Denver, which street was traversed by a line of street railway operated by defendant; that due to a change of the grade of the street the tracks of the railway were raised about six inches above the surface of the street; that the driver attempted to drive his horse and wagon across the street at a point between 8th and 9th avenues, two intersecting streets, where the tracks were so raised; that plaintiff did not know and had no reason to believe that the horse drawing the wagon would be unable to safely make the crossing or that the wagon would be detained on the tracks; that in attempting to make the crossing the wheels of the wagon so slipped along the rails, that the horse was unable to draw the wagon across the track, and the same was detained thereon; that at the time the wheels crossed the outside rails, one of defendant's cars was approaching from the south up a steep grade, at a distance of about 150 feet; that had the motorman on said car exercised reasonable or ordinary care and precaution he could have seen the wagon on the track, and could have stopped the car before the collision occurred, but the motorman negligently failed to do so and negligently permitted the car to run into the wagon; that plaintiff's back was toward the approaching car, and he did not see the same; that he did not hear the gong or any warning of the approach of the car, and was wholly unaware of the close approach of the car; that the motorman and agents of defendant having control

of the car carelessly and negligently failed to sound a gong or give any warning of the approach of the car, and carelessly and negligently ran said car into the wagon, upsetting the same and causing injuries to the plaintiff, hence this suit.

It is contended that the allegations of the complaint, which are admitted to be true by the demurrer, disclose that plaintiff was guilty of such contributory negligence as to prevent a recovery.

"Contributory negligence, in its legal signification, is such an act or omission on the part of a plaintiff, amounting to a want of ordinary care, as, concurring or co-operating with the negligent act of the defendant, is a proximate cause or occasion of the injury complained of."—Beach on Con. Neg., § 7.

"Contributory negligence is a want of ordinary care upon the part of a person injured by the actionable negligence of another, combining and concurring with that negligence, and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred."—7 A. & E. Ency. of Law, 2nd ed., 371.

What act or omission of plaintiff, amounting to want of ordinary care upon his part, is disclosed by the allegations of the complaint, sufficient, as matter of law, to pronounce him guilty of contributory negligence within the above definitions?

An answer to this question is dependent, to some extent, upon a statement and consideration of some of the mutual rights and duties of the traveler in a vehicle along a public street, upon which is operated a street railway, and the operator of the street railway system. The rights of persons using vehicles and horses on the streets of a city, and street railway companies operating cars on the same streets, are mutual, and such persons and companies are required to

use ordinary care and diligence to avoid collisions with each other.

It is not negligence for a person to drive across street railway tracks, whenever and wherever he may have occasion to do so, and this right of crossing the tracks is not confined to street crossings.

The question of negligence in such cases depends upon the proximity or remoteness of the car, its speed and other circumstances.

It is the duty of a traveler to look out for himself, and to exercise such ordinary care as would be exercised by a reasonably prudent person under attendant circumstances. The duty imposed upon persons crossing steam railway tracks to stop, look and listen, is not rigidly applied to persons traveling a street used by a street railway.

The failure of a person to look for approaching cars before crossing street railway tracks, does not place him in any worse position than if he had looked and seen the car; and therefore if, at the time when he started to drive across the track, the car was at such a distance that an attempt to cross after having seen it would not have been contributory negligence, his failure to look for the car will not preclude his recovery.

A person is not guilty of contributory negligence merely because he attempts to cross a street railway when a car is approaching; if that were so, he could never attempt to cross such a track, in the crowded part of a city, where there is practically always an approaching car.

In such case, negligence depends upon the proximity or remoteness of the car, its speed and all other circumstances surrounding the occurrence.

It is not negligence *per se* for one to cross a street railway track in front of an approaching car which he has seen, and which is not dangerously near.

The driver or occupant of a vehicle passing along a street railway, is not, as matter of law, required to keep a constant watch to the rear to discover approaching cars. The street car has, and from the necessities of the case must have, a right of way on that portion of the street upon which it alone can travel, paramount to that of ordinary vehicles, but this superior or preferential right of way does not prevent others from driving across or along its tracks at any place or at any time when by so doing they will not interfere with the progress of cars.

It is the duty of the motorman to exercise ordinary care and diligence to ascertain whether the track ahead is clear and to avoid striking persons or objects upon the track, when by the exercise of ordinary care and diligence it is reasonably possible to do so, and he is bound to notice the presence of other vehicles and pedestrians ahead of his car, and should be watchful for that purpose, and if he has reason to apprehend danger, he should regulate the speed of his car, so that it might be quickly stopped should occasion require it.

If a person or vehicle is unavoidably detained upon the track while attempting to cross the same, by a fall, slippery rails, or other casualty, although negligent in attempting to cross, those in charge of the car must endeavor to stop it in time to prevent injury, and if they fail through lack of ordinary care and diligence to use such means as the exigencies of the case require to stop the car in time to prevent injury, the railway company will be liable notwithstanding the prior negligence of the injured party.

If a motorman saw or by the exercise of ordinary care and diligence should have seen, a person or vehicle ahead of his car, and through the careless or negligent failure to apply such means as the exigencies of the case require to stop the car, a collision

occurs, the company will be liable for the damages occasioned thereby.—*Davidson v. Tramway Co.,* 4 Colo. App. 283; Beach on Con. Neg., 288a; Booth Street Railway Law, §§ 305-6-15-16 & 17; *Lawler v. Hartford Ry. Co.,* 72 Conn. 74; *Adolph v. Central Park Ry. Co.,* 76 N. Y. 530; *Clark v. Bennett,* 123 Cal. 274; 27 Am. & Eng. Enc. of Law 68, 70, 74, 75, 77.

In *D. & R. G. Ry. Co. v. Buffehr,* 30 Colo. 27, the rule is announced, that if the defendant fails to see what he was bound to look for and ought to have seen, he is guilty of negligence. We believe this rule applies with peculiar force to those in charge of street railway cars propelled by electricity along the streets of a city.

In *Davidson v. Tramway Co., supra,* it is said:

"It is pretty universally adjudged that before one can cross a steam railway, he is bound to stop, look and listen to discover the approach of a train before he shall be permitted to cross the track and escape the responsibility of his own negligence if he fails in any of these particulars. While in a sense, and a very limited one at that, this rule has been applied to the acts of the pedestrian or the driver of a vehicle in crossing the transportation company's line, the difference between the steam railway and the electric or cable line must be borne in mind. The absence of the exclusive right to the occupancy of the street compels the distinction. The grant of a franchise to the company in no manner takes away from the other users of the highway their right to its entire occupation, save that their right to enjoy is limited by the contractual right of the transportation company, and its preferential privilege in the use of that part of the road occupied by the tracks. If the pedestrian or the driver of a vehicle were compelled to stop, look and listen before he crossed the tracks,

22

it would be an unnecessary and unusual burden and restriction upon his common-law right to use the king's highway which still remains with him. Notwithstanding this exception, neither the pedestrian nor the driver of a vehicle may undertake to cross a track heedlessly and recklessly, and without the exercise of the greater care which he is bound to use in crossing the tracks of a company using powerful, rapid and dangerous modes of locomotion.''

We have carefully examined the multitude of authorities cited by counsel for both parties in the numerous briefs filed in this case, many of which, on account of dissimilarity of facts, are palpably inapplicable. Many are cited on questions not properly before the court upon this record.

A review of the authorities cited, and a discussion of the same, would be unavailing for the accomplishment of any good purpose. We think that the principles above announced are not in conflict with any authorities cited, except upon points where the courts are at variance with each other, and the principles we have announced are supported in our judgment by the greater weight of authority.

Reading the complaint in the light of the above principles, we conclude, that plaintiff had a right to cross the railway tracks where he attempted to do so, ahead of the car, approaching up a steep grade at a distance of about 150 feet; that any imputation of negligence on account of the disturbed condition of the tracks with reference to the surface of the street, is negatived by the allegations of the complaint; that the allegations are sufficient to charge defendant with actionable negligence, as the direct and proximate causes of the injury complained of; that under the allegations of the complaint the doctrine of "last real chance" cannot be invoked by the defendant, as the complaint charges in substance, that the immi-

nency of the danger was unknown to plaintiff, his back being toward the approaching car, and that· by reason of the negligence of defendant, in not sounding an alarm or in anywise warning the near approach of the car to the vehicle in which plaintiff was seated, he was without knowledge of such danger; that the court erred in sustaining the demurrer, for which reason the judgment must be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concurring.