## LUCY WOOD *vs.* THE CITY OF DANBURY.

Third Judicial District, Bridgeport, April Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Whether or not a plaintiff exercised ordinary care in a given case is usually determined by the trier as a matter of inference from established facts, rather than from direct evidence; but the facts from which the inference is drawn must be relevant to the question of contributory negligence.

When the question of contributory negligence is merely whether the plaintiff's conduct was prudent under the circumstances of the particular case, and no error of law is apparent upon the record, the conclusion of the trial court as to such negligence is final.

The facts in the present case reviewed, and *held* to be sufficient to enable the trial court to draw a reasonable inference upon the question of the plaintiff's negligence.

Argued April 20th—decided June 8th, 1899.

ACTION to recover damages for personal injuries claimed to have been caused by a defective sidewalk, brought to the City Court of Danbury and tried to the court, *Scott, J.;* facts

found and judgment rendered for the plaintiff for $100, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The following facts appeared from the finding of the trial court :—

The sidewalk in question was a part of a much traveled highway near the center of the city. The walk, at the place of the accident, became coated with a rough, icy surface, and was, for that reason, dangerous to travelers. No effort had been made to remove the ice, or to cover it with sand or other substance. On February 5th, 1898, the plaintiff passed over said walk in going to Main street from her home, and observed its condition. As she was returning over the same route (which was the direct route to her home), about 6:30 P. M. on said day, she slipped upon the ice covered snow and fell, sustaining the injuries complained of. The plaintiff testified in chief that she was walking when she slipped, and neither counsel inquired as to her manner of walking, or as to whether or not she was negligent in any respect, and there was no evidence on said point, except as stated in the finding. At the time of the accident she was accompanied by her son of adult years.

The trial court found the city negligent in allowing the sidewalk to remain in a dangerous condition, because of the ice covered snow upon it; that the accident was caused by said condition of the walk, and that the plaintiff was free from negligence.

Before the trial court the defendant claimed, as matters of law, that the burden of proving that the plaintiff was not guilty of contributory negligence was upon the plaintiff; that from the facts in this case the court could not infer that the plaintiff was in the exercise of due care; that due care on the part of the plaintiff must be shown by the plaintiff affirmatively, and must be proven by evidence as to the conduct of the plaintiff just prior to and at the time she slipped and fell.

Upon said claims the court held that the burden of proving that there was no contributory negligence at the time of the

accident on the part of the plaintiff, rested upon her, and that she had sustained it upon the facts above set forth.

*Henry A. Purdy*, for the appellant (defendant).

*Charles W. Murphy*, for the appellee (plaintiff).

HALL, J.   The complaint in this action contains no allegation that the plaintiff, at the time of the accident, was in the exercise of due care.   The defendant did not demur, nor has it in any other manner questioned the sufficiency of the complaint.

On the trial, upon an answer denying the principal allegations of the complaint, the defendant claimed that to maintain her action the plaintiff was required to prove that she was free from contributory negligence, and claimed that the plaintiff had offered no affirmative evidence as to her conduct just prior to and at the time of the accident, and that there were no facts proved from which the court could infer that the plaintiff was free from negligence.   The court held that the burden rested upon the plaintiff to prove that she was not guilty of contributory negligence, but found that she was not negligent.

The defendant contends upon this appeal that the record shows that there was no direct evidence upon the question of the plaintiff's negligence; that the conclusion of the trial court upon that question is an inference from the facts found, and that these facts are such that the conclusion reached by the trial court cannot be drawn from them.

The record shows that the plaintiff sustained an injury by slipping and falling upon a sidewalk which was coated with ice, and which, for that reason, had become dangerous to travelers.   The walk was on the direct route to her home. She had passed over it safely in the morning and had noticed its condition, and fell while walking over it upon her return home at about 6:30 P. M. the same day, accompanied by her son.

The finding states that though the plaintiff testified that

she was walking when she slipped, that she was not asked, nor did she say how she was walking, nor whether or not she was negligent; and that there was no evidence upon the question of her negligence excepting that of the facts found.

Whether or not in a given case the plaintiff was in the exercise of ordinary care, is usually determined by the court or jury by way of inference from established facts, rather than from direct evidence. Witnesses who testify upon this question are not permitted to say that their own or another's conduct was negligent, or was that of a careful person. They are generally required to state facts, and not opinions. From their testimony the court determines the facts, and from the facts so determined draws its conclusion upon such question of negligence. So far as practicable the court has apparently stated all the facts which were considered in reaching its conclusion. We ought not to assume that other facts could have been proved which would have aided the court in reaching a correct conclusion. If there is any presumption, it is that the plaintiff presented all the evidence at her command to show that she exercised proper care. Plaintiff's counsel might have asked her how rapidly she was walking, or whether she observed where she stepped, and possibly other questions as to the manner in which she passed over the place in question. She may have replied that she could only say that she was walking, and was accompanied by her son. Although she failed to describe with greater particularity the manner in which she passed over the ice, the court might still be able to properly find from the facts proved that she went over it in a reasonably careful manner.

In applying to the facts the test of ordinary prudence, two questions were evidently considered by the court. First, was it the act of a prudent person, with a knowledge of the condition of the sidewalk, to attempt at that hour and under the circumstances stated to pass over it; and second, was it prudent to pass over it in the manner in which the plaintiff did. The fact that the plaintiff was accompanied by her adult son may, in the reasoning of the trial court, have had a material bearing upon both of these questions.

If the conclusions of the trial court upon these questions are such as may be reached from the facts found, without violating any principle of law or of logical reasoning, a new trial will not be granted because another court might draw a different inference from the same facts, or because this court might be of the opinion that the opposite inference should have been drawn by the trial court from the facts found.

The rule is well established by repeated decisions of this court, that when the question of contributory negligence is purely that of the plaintiff's prudent conduct under the circumstances of the particular case, and no violation of the law by the trial court is apparent from the record, its conclusion as to such negligence, both in respect to the measure of duty and extent of performance, is final. *Farrell* v. *Waterbury H. R. Co.*, 60 Conn. 239; *Bates* v. *New York & N. E. R. Co.*, ibid. 259; *Donovan* v. *Hartford St. Ry. Co.*, 65 id. 201; *Bunnell* v. *Berlin Iron Bridge Co.*, 66 id. 24; *Nolan* v. *New York, N. H. & H. R. Co.*, 70 id. 159.

While the law does not require the production of direct evidence of contributory negligence, the facts proved, and from which the inference is drawn that the plaintiff was or was not negligent, must be such as are relevant to the question of contributory negligence. *Ryan* v. *Bristol*, 63 Conn. 26. In the present case sufficient relevant facts were found to enable the trial court to draw a reasonable inference upon the question of the plaintiff's negligence.

There is no error.

In this opinion the other judges concurred.