KATHERINE E. FAY, ADMINISTRATRIX, *vs.* THE HARTFORD AND SPRINGFIELD STREET RAILWAY COMPANY.

First Judicial District, Hartford, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Having once told the jury that certain evidence which had come in without objection was immaterial under the pleadings, and must not be considered by them in determining the case, a trial judge is not bound, as matter of law, to repeat that instruction in his charge; although, if requested to do so, the better course would be to comply with such request.

Upon a trial to the jury in an action for negligence, the plaintiff assumes the burden of proving it, and also his own due care. Direct evidence is not essential, but the facts and circumstances relied upon must be such as fairly and reasonably support and justify the inference of negligence on the one hand and of due care on the other; for a jury is never at liberty to guess or surmise the existence of either.

While the failure to look and listen before crossing a street-railway track is not negligence *per se*, yet an apparently inexcusable failure to make use of one's own senses to escape a known danger, which might by such use have been avoided, is negligence as matter of law.

The evidence in the present case reviewed and *held* to require a verdict for the defendant, which should have been directed by the trial judge instead of leaving the case to the jury.

The cases of *Lawler* v. *Hartford Street Ry. Co.*, 72 Conn. 74, and *Norris* v. *New York, N. H. & H. R. Co.*, 78 Conn. 314, distinguished.

Argued October 7th—decided December 18th, 1908.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate and alleged to have been caused by the defendant's negligence, brought to the Superior Court in Hartford County and tried to the jury before *Shumway, J.*; verdict and judgment for the plaintiff for $2,500 damages, and appeal by the defendant. *Error and new trial ordered.*

*Charles E. Perkins* and *Ralph O. Wells*, for the appellant (defendant).

*Hugh M. Alcorn* and *Benedict M. Holden*, for the appellee (plaintiff).

HALL, J. On the 24th of September, 1907, between four and five o'clock in the afternoon, the plaintiff's intestate, Thomas Walsh, sixty-five years of age, was struck by the defendant's electric street-railway car on Main Street in Windsor Locks, and received injuries resulting in tetanus, from which he died nine days afterward.

The complaint alleges that when he was injured, Walsh was walking southerly on the right-hand side of the traveled portion of the highway, driving his horse and wagon; that the place where he was injured was dangerous for the passage by each other of teams and cars, by reason of the location of the defendant's tracks and the narrowness of the highway; that Walsh was lawfully upon the highway; and that his death was caused by the negligence of the defendant in running the car at an excessive rate of speed; in failing to give proper warning of the approach of the car; in failing to have the car under control, and to bring it to a stop upon overtaking Walsh; and in failing to exercise proper care in the operation of the car in order to avoid injuries to persons and vehicles lawfully upon the highway.

One of the errors assigned in the defendant's appeal is the failure of the court to instruct the jury, as requested,

that since there was no allegation in the complaint that the defendant was negligent in failing to equip the car with a sand-box, or to sand the rails to prevent the car from slipping on the track, they should disregard all evidence offered upon that subject.

The finding states, and there has been no request to correct it, that, without objection, evidence was offered by the plaintiff to prove that the car was not equipped with a sand-box, but that subsequently "the court, of its own motion, told the jury that this evidence, under the pleadings, was wholly immaterial, and should not be considered by them in determining the issues in the case." While we are of opinion that it would have been better, and especially after a written request to do so, for the court to have stated in its charge what it had already said during the trial, the failure to repeat it does not, upon the facts found, furnish a sufficient ground for a new trial.

But the principal questions of the case are raised by the defendant's two assignments of error: (1) the refusal of the court to direct a verdict for the defendant when requested; and (2) the denial of the defendant's motion to set aside the verdict as against the evidence; both of which were based upon the claim that upon the question of the alleged negligence of the defendant and due care of the plaintiff's intestate there was not sufficient evidence to support a verdict for the plaintiff.

A careful examination of the evidence before us fails to disclose any very serious conflict of testimony concerning the circumstances under which the plaintiff's intestate was injured.

At the point where the accident occurred, Main Street runs practically north and south, and for some distance north and south of that point the defendant's single track is upon the east side of the highway. East of the trolley-tracks are the tracks of the New York, New Haven and Hartford railroad, and between the trolley-tracks and the

right of way of the steam railroad is a narrow space upon which there are trees and trolley-poles, which is unsuited to drive over. West of the trolley-tracks is the traveled public roadway about twenty-two feet wide. The grade of the trolley-track descends at this place slightly toward the south.

On the day in question Walsh, as an employee of the town, was engaged in cleaning the street gutter on the west side of the road, and was with his horse and dump cart carrying the surface dirt and dumping it along on the east side of the trolley-tracks. He was walking with his horse and cart southerly along the road west of the trolley-track, and as he turned toward the east, probably to cross the track and dump his cart, he was struck by the running-board and perhaps by other parts of the defendant's open passenger trolley-car, which was running toward the south. A bone of his left leg was broken, and he sustained other injuries. The spokes of the left or near wheel of the cart were broken.

There was a thunder-storm approaching at the time, and the tracks were wet and slippery. The car was not equipped with a sand-box or other device to prevent the wheels from sliding when the track was slippery.

The motorman who was controlling the car testified that when Walsh was struck he was walking on the east side (of the cart) and driving with the lines in his hands. In this he was corroborated by one of the only two witnesses of the plaintiff, both passengers on the car, who saw Walsh just before the accident; the other, a girl ten years old, in answer to the question, "What did Mr. Walsh do that morning when you saw him," said, "He had his horse up near the mouth and he was walking along." Twice during his charge the trial judge stated to the jury that it was an undisputed fact that Walsh was struck as he was driving his team along the highway and walking beside it. All the witnesses who saw Walsh at the time he was struck say, in

substance, that he was walking near the west rail of the track with his back toward the approaching car; that he did not stop or look back or appear to hear the gong, or the approaching car, or to be attending to whether one was coming, or to be sensible of its approach. His own statement after the accident was that he thought he was struck by an automobile.

As to the alleged failure of the defendant to give proper warning of the approaching car, the motorman testified, in substance, that he sounded the gong violently and continued to sound it as soon as he saw Walsh turn in toward the track. As to the sounding of the gong, he was corroborated by three other witnesses of the defendant, two of whom were conductors on the car, and the other a passenger, the latter testifying also that he saw the motorman's foot on the gong; and also by three of the six passengers, called as witnesses by the plaintiff, two of whom testified that they saw the motorman "jumping up and down on the gong." One of the remaining three of said six witnesses of the plaintiff testified that she could not hear the gong inside the car, with the shower, and when they were giving their attention to getting the curtains down; another that he did not remember hearing it, but that it might have occurred without his noticing it; and the third that she did not notice it. If the gong was sounded, as testified to by seven or eight witnesses, Walsh, if he heard it, had ample time and opportunity to get out of the way of the car without injury. The motorman testified that the last thing he did was to call out as loudly as he could to Walsh, "Look out there."

Regarding the efforts made to stop the car, the motorman testified that he put on the air brake gradually in order to prevent the wheels from sliding, by being stopped suddenly, and that that was the only proper way to apply the brake when the tracks were slippery. One of the conductors testified that he felt the wheels slide, and the other

that he felt the brakes. Most, if not all, of the other passenger witnesses testified that they did not notice or that they did not feel the brakes. One of plaintiff's witnesses said she thought they stopped as quickly as they could.

Regarding the speed of the car, the motorman and the two conductors testified that they were running at ordinary speed. Three of plaintiff's six passenger witnesses, the passenger called by the defendant, and a witness of the defendant who saw the car pass, testified, in substance, that they noticed 'nothing unusual in the speed of the car. At least three of the plaintiff's witnesses who were passengers, testified that the car was going fast, or pretty fast.

The two main questions at the trial were: Was Walsh's injury caused by the defendant's negligence as described in the complaint? Did Walsh's own negligence essentially contribute to cause his injury?

Under the denials of the answer the burden of proving the alleged negligence of the defendant and the due care of Walsh rested upon the plaintiff. The question, therefore, for our consideration is, could the jury, upon the evidence presented, have reasonably concluded that there was a preponderance of proof of such negligence of the defendant and of such care by the deceased?

The law does not require direct evidence of these facts. They may be inferred from the facts and circumstances of the case; but these must have a bearing upon the questions, and must be such as fairly and reasonably support and justify the inference of negligence and of due care. A jury is never at liberty to merely guess or surmise the existence of the alleged negligence, or the exercise of due care, from facts or circumstances which do not fairly show it. *Ryan* v. *Bristol*, 63 Conn. 26, 32, 27 Atl. 309; *Wood* v. *Danbury*, 72 Conn. 69, 73, 43 Atl. 554.

Applying this rule to the present case, the verdict cannot be sustained. First, it is difficult to find the requisite evidence of defendant's alleged negligence. At the place

where Walsh was injured he had ample room to drive along the roadway. It does not appear that the motorman when he first saw Walsh, about four hundred feet ahead of him, or before he saw him pull in toward the track, had any reason to suppose that he might attempt, at this point, to cross over to the east side of the track where there was no roadway. It does not appear that the car was going at an unlawful or dangerous rate of speed for such a place. The defendant was not required to run its car so slowly as to always be able to stop it in time to avoid striking persons who, in the possession of their senses and having the ability and opportunity, and whose duty it was, to move away from the track upon the sound of the gong, might carelessly continue to walk dangerously near the track.

But if it can be said that there was some evidence of defendant's negligence, we regard it as clear that there was none which could justify the inference of due care upon the part of the deceased. Walsh had placed himself in a position where he knew, or was chargeable with knowing, that if a trolley-car passed it would be liable to strike him. Up to the very instant he was struck he appears to have made no use whatever of his senses to ascertain whether a car was approaching, nor any effort to move from his perilous position. Had he looked or listened he would have seen or heard the approaching car and could have stepped away from the track in time to avoid all danger. The evidence shows no circumstances to excuse him for continuing to walk in a place of such known danger, without looking or listening for an approaching car.

But the plaintiff says that the failure to look and listen before crossing the track of a street-railway is not negligence *per se*, citing *Lawler* v. *Hartford Street Ry. Co.*, 72 Conn. 74, 43 Atl. 545, and *Norris* v. *New York, N. H. & H. R. Co.*, 78 Conn. 314, 61 Atl. 1075. While this is true, the failure to use one's senses to avoid a known danger, when the facts show no excuse for such failure and that a reason-

Fay *v.* Hartford & Springfield Street Ry. Co.

able use of one's faculties might have enabled him to avoid injury, is always negligence. *Snow* v. *Coe Brass Mfg. Co.,* 80 Conn. 63, 70, 66 Atl. 881.

It is further to be remembered that the question concerning contributory negligence in the present case is not whether the facts found prove that the deceased was negligent, but whether they prove that he exercised due care. That Walsh failed to stop, look and listen, was admissible in evidence upon the question of his negligence. That these facts did not prove his negligence does not render them evidence of due care.

The cases of *Lawler* v. *Hartford Street Ry. Co.,* 72 Conn. 74, 43 Atl. 545, and *Norris* v. *New York, N. H. & H. R. Co.,* 78 Conn. 314, 61 Atl. 1075, cited by plaintiff, have but a slight bearing upon the questions involved in this case. Those cases were hearings in damages under the then-existing law by which a defendant, in an action of that kind, by suffering a default and assuming the burden of proving either that he exercised due care as to the alleged causes of the injury, or that the plaintiff did not, might require the damages to be assessed by the court instead of by a jury. In these two cases, and in many others thus heard, the plaintiff's favorable judgment was based largely upon the fact that the entire burden of proof, except as to the extent of the injury, was upon the defendant. In availing himself of the present law, which enables him to secure a trial of the entire case to the jury, and which practically does away with the former method of trial by hearing in damages, the plaintiff now assumes the burden of proving the averments of the complaint, which were before qualifiedly admitted by the default. In deciding a case tried as this was, under an answer of denials, the same rule as to the effect of assuming the burden of proof, which in hearings in damages was applied to the defendant, must now be applied to the plaintiff, namely, that the party having the burden of proof must always fail if he has not established

by a preponderance of evidence the facts which he has so assumed the burden of proving. The plaintiff in this case assumed the burden of proving due care upon the part of Walsh. The record before us contains no evidence that Walsh exercised proper care, or any care to avoid the injury he sustained. In so far as the evidence before us proves anything regarding his conduct in avoiding the injury, it shows that he was negligent in failing to use his senses to avoid an apparent danger.

The trial court should have directed a verdict for the defendant, as requested. Having failed to do so, it should have granted the motion to set aside the verdict as against the evidence.

There is error and a new trial is ordered.

In this opinion the other judges concurred.