MARY E. JACEN, ADMINISTRATRIX (ESTATE OF JOHN McBRIDE) *v.* TOWN OF EAST HARTFORD

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued October 3—decided November 8, 1946

*William H. Fogerty,* for the appellant (plaintiff).

*Warren Maxwell,* for the appellee (defendant).

DICKENSON, J.   The action was brought by the plaintiff to recover damages for injuries and the ensuing death of her intestate as a result of a fall upon a sidewalk under the control of the defendant. A first count charged the defendant with a breach of its statutory duty to keep its walk in proper repair, a second count with maintaining a nuisance. The plaintiff has appealed from a judgment for the defendant on both counts.

There was no allegation that a nuisance was created by the defendant. The claim was that it resulted because the defendant permitted water to flow from adjoining land upon the walk where it froze and caused a dangerous condition. The cause of the formation of the ice is so found by the trial court and this finding is not attacked by the plaintiff. From this it appears that the condition was not created by the "positive" act of the defendant and hence, if a nuisance, it was one for which the defendant was not liable. *Karnasiewicz* v. *New Britain,* 131 Conn. 691, 694, 42 A.2d 32; *Bacon* v. *Rocky Hill,* 126 Conn. 402, 407, 11 A.2d 399.

Reference to the memorandum of decision (see *Duggan* v. *Byrolly Transportation Co.,* 121 Conn. 372, 375, 185 A. 85) shows that the trial court based its judgment on the first count upon lack of evidence of due care, and as that issue is decisive of the action we confine our discussion to it. The undisputed facts sufficient for a consideration of this issue are that on December 27, 1944, at 5:30 p.m. the plaintiff's intestate fell upon a public sidewalk under the control of the defendant which was covered with a coating of ice approximately an inch thick, caused by the melting of snow on adjoining property and the flow of water therefrom freezing upon the sidewalk. The decedent, who was seventy-three years old at the time and had suffered for some years from nephritis and uremic poisoning, of which vertigo and momentary loss of consciousness are common symptoms, fractured his hip as the result of his fall. He died about ten days later of uremic poisoning. The trial court further found that "No credible evidence was offered as to the decedent's

conduct prior to said fall, either as to his manner of approach to the location of it—whether walking, hurrying or running, or as to what, if any, attention he was paying to his footing or to possible hazards from the ice hereinabove described, and of whose presence at the point he was at the time fully aware." The plaintiff assigns error in the final statement of this finding but she does not pursue it in her brief by specific reference to any evidence contradicting it. As the defendant points out, the statement finds reasonable support by inference in the testimony as to the extent and nature of the ice on the sidewalk, the length of time it had been there and the fact that the decedent had been accustomed to pass over it almost daily.

The main contention of the plaintiff is that General Statutes, Cum. Sup. 1939, § 1399e, which provides that in any action to recover damages for negligently causing injury or death it shall be presumed that at the time of the commission of the alleged negligent act the plaintiff was in the exercise of due care, applies to actions brought against a municipality under General Statutes, § 1420, which gives a right of action to one injured by failure of the municipality reasonably to care for sidewalks under its control. For reasons stated at length in *Porpora* v. *New Haven,* 119 Conn. 476, 478, 177 A. 531, this contention is unsound.

The plaintiff further contends that even though the burden was upon her to prove the absence of contributory negligence on the part of her intestate the court should have found on the evidence that this was established. Her claim seems to be that the icy condition was dangerous and concealed, and might well have caused one exercising reasonable

care to have fallen, so the probabilities were that her intestate was proceeding normally. The court's finding that vertigo and momentary loss of consciousness are common symptoms of uremic poisoning, from which the decedent was suffering, is not attacked. We have rejected the doctrine that the inference to be drawn from the instinct of self-preservation may stand in the place of proof of due care. *Mullen* v. *Mohican Co.*, 97 Conn. 97, 101, 115 A. 685; *Tracy* v. *Welch*, 109 Conn. 144, 149, 145 A. 662. The plaintiff relies upon the dissenting opinion in *Kotler* v. *Lalley*, 112 Conn. 86, 151 A. 433, for support for her claim that the probabilities that her decedent was in the exercise of due care were conclusive against a contrary conclusion by the trial court. It is sufficient comment upon that case to point out that it was one where a nonsuit was granted, and the dissenting opinion suggests no more than that there was sufficient circumstantial evidence of due care to require the submission of the case to the jury. See *Clark* v. *Connecticut Co.*, 132 Conn. 400, 402, 44 A.2d 706.

Unless the trial court was satisfied from adequate proof that the decedent's own contributory negligence was not a proximate cause of his injury, the plaintiff was not entitled to recover. *Leitkowski* v. *Norwich*, 125 Conn. 49, 51, 3 A.2d 84.

There is no error.

In this opinion the other judges concurred.