The joint complaint of the two plaintiffs is in a single count. It is construed as one claiming liability on the part of the defendant municipality for a defective sidewalk. The alleged cause of action, therefore, is statutory. General Statutes, § 2126; Bartram v. Sharon, 71 Conn. 686, 693; Frechette
v. New Haven, 104 Conn. 83, 87; Bacon v.Rocky Hill, 126 Conn. 402, 404: Hornyak v. Fairfield,135 Conn. 619, 621.
The defendant has interposed two special defenses, the first of which alleges "that at the time and place ... it was engaged in an essential governmental duty and function," etc. this defense does not specify the precise nature of the "duty and function" alleged. The plaintiffs demur thereto on the ground that such allegation does not constitute a defense "for the reason that liability ... as alleged in [their] complaint comes within the provisions of" the statute.
The defense pleaded purports to be that of governmental immunity. Such immunity attaches to an alleged cause of action based upon negligence. Hoffman
v. Bristol, 113 Conn. 386, 389. It does not attach to an alleged cause of action for a defect in a highway based upon the statute. Parker v. Hartford,122 Conn. 500, 504. *Page 125 
The demurrer is required to be sustained.
Gratuitous observations:
1. The complaint should have alleged that the plaintiff wife at the time of her fall was in the exercise of due care. See Practice Book, Form No. 177, paragraph 5. The statute of 1939 (§ 1399e; Rev. 1949, § 7836), requiring a defendant to plead contributory negligence if relied upon as a defense, does not apply to the kind of action at bar, which is statutory.Jacen v. East Hartford, 133 Conn. 243, 246;Porpora v. New Haven, 119 Conn. 476, 478.
2. The defendant's second special defense of contributory negligence was not required.
3. In the interest of good pleading, the parties should consider the advisability of revamping their respective pleadings to conform with the requirements of proper pleading.
 As already noted, the demurrer of the plaintiffs to the defendant's first special defense is sustained.