EVA BROSZ *v.* CITY OF DANBURY

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, JS.

Argued June 11—decided August 4, 1953

*Paul C. Jamieson,* with whom, on the brief, was *Rocco E. LaCava,* for the appellant (defendant).

*Samuel Reich,* with whom were *H. LeRoy Jackson* and, on the brief, *Ronald M. Stark,* for the appellee (plaintiff).

O'SULLIVAN, J.  The plaintiff brought this action to recover damages for bodily injuries sustained in falling upon an icy sidewalk in the city of Danbury. The court rendered judgment in her favor and the defendant has appealed.

The finding is not subject to material correction. It recites the following facts: On February 13, 1948, the plaintiff, a woman sixty-five years old, was living in a house located at the southeasterly corner of the intersection of James Street and Homestead Avenue, two public highways under the control of the defendant city.  This locality was within a thickly populated residential section.   About 3:30 p.m. on the date mentioned, the plaintiff left her home and walked northerly across James Street.   She was wearing rubbers and was carrying a dipper full of sand which she scattered ahead as she walked along:  Upon reaching the opposite sidewalk, she turned to her right and, while proceeding slowly on it, slipped and fell. As a result of this mishap, she fractured her hip.

At the point of her fall, the entire width of the sidewalk was covered with an accumulation of several inches of frozen snow and ice upon which no abrasive substance had been strewn.  The walk had been in substantially the same condition for at least

two weeks. It was the policy of the defendant not to sand any sidewalk unless a complaint was received about it. The task of caring for the sidewalks in front of their premises was left to the property owners. For this purpose, the defendant maintained about 200 boxes of sand at various places along the 85 miles of sidewalks within its supervision and control. The sand often froze and, when this occurred, was hard to get out of the boxes. A precipitation of rain and sleet late in the forenoon of February 13 turned entirely to rain shortly after noontime. During the morning the temperature was at or below freezing but it rose above that point in the afternoon. The court concluded that the plaintiff's fall and her resulting injuries were the direct and proximate result of the defendant's failure to render the sidewalk reasonably safe for public travel.

The first of the two claims raised by the defendant on this appeal is that the court could not reasonably have found that the plaintiff was in the exercise of reasonable care. The point which the defendant urges is that, because of the dangerous conditions prevailing outside, the plaintiff was guilty of contributory negligence in venturing out of her home at all. It may be that danger can be so imminent and great that reasonable care necessarily requires a person to remain indoors but the case at bar is hardly of that nature. The court was confronted with the question whether the degree of care exercised by the plaintiff was proportionate to the existing danger of which she was aware or should have been aware through the reasonable use of her faculties. *Blake* v. *Waterbury,* 105 Conn. 482, 484, 136 A. 95. If she knew of the dangerous condition of the sidewalk but used reasonable care in passing over it, she would not be chargeable with contributory negligence. *Congdon*

v. *Norwich,* 37 Conn. 414, 420. Under the finding in this case, the question of the plaintiff's freedom from such negligence was one of fact. Since reasoning minds might differ on the matter, we cannot disturb the court's conclusion upon it. *Sheehan* v. *Sette,* 130 Conn. 295, 297, 33 A.2d 327; *Gipstein* v. *Kirshenbaum,* 120 Conn. 697, 699, 181 A. 463.

The only other claim advanced by the defendant is that the court could not reasonably have concluded that "the cause of the plaintiff's fall was a pre-existing defective condition and not an independently hazardous condition created the day she fell."

Section 2126 of the General Statutes imposed liability upon the defendant if the plaintiff was injured by means of a defective sidewalk which it was bound to keep in repair. James Street was a highway which the defendant was required to repair. For at least two weeks prior to February 13, 1948, as even the defendant concedes, several inches of frozen snow and ice had covered the entire width of the sidewalk where the plaintiff fell. The finding presents an instance where this obviously defective condition concurred with the effect of the storm of February 13 to bring about the plaintiff's injuries. The applicable principle of law, then, is this: A natural cause, such as a storm which, while occurring or shortly thereafter, concurs with a defect in a public sidewalk to produce an injury to a traveler, will relieve the municipality from liability under the statute whenever the evidence discloses that, by its direct and separate operation in producing the injury, the natural cause is a proximate cause of the injury. *Shuchat* v. *Stratford,* 125 Conn. 566, 570, 7 A.2d 387; *Frechette* v. *New Haven,* 104 Conn. 83, 89, 132 A. 467. If, therefore, the plaintiff's fall had been proximately due to the results effected by the storm of February

13 and if the sidewalks of the city had been coated by that storm with a sheet of ice so shortly before the plaintiff fell that the defendant had not had a reasonable time to rectify the condition through the use of reasonable care, it could not be held liable. *Frohlich* v. *New Haven,* 116 Conn. 74, 75, 163 A. 463; *Jennes* v. *Norwich,* 107 Conn. 79, 81, 140 A. 119.

This, however, was not the situation. The court found that the sidewalk in question was slippery from February 1 to February 13, inclusive. If the precipitation due to the storm on February 13, while somewhat increasing the danger of the underlying defect, amounted to no more than an incidental and slight cause of the plaintiff's injuries, the court could properly have found that the pre-existing defect and not the new precipitation was the proximate cause of the injuries. *Perri* v. *New Haven,* 133 Conn. 291, 294, 50 A.2d 421; *Keating* v. *New London,* 104 Conn. 528, 531, 133 A. 586. The court recited as one of its conclusions that "[t]he rain and sleet which fell on the day the plaintiff was injured did not materially increase the hazardous condition of the sidewalk nor did it substantially contribute to the plaintiff's fall." The subordinate facts justify this conclusion. The court could reasonably have determined that the pre-existing defective condition was the proximate cause of the plaintiff's injuries.

There is no error.

In this opinion the other judges concurred.