JOHN BURKE [IRENE L. BURKE, ADMINISTRATRIX,
SUBSTITUTED PLAINTIFF]   *v.* TOWN OF
WEST HARTFORD

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued December 2, 1959—decided January 19, 1960

*Robert B. Cohen,* with whom, on the brief, were
*Morton E. Cole* and *Cyril Cole,* for the appellant
(plaintiff).

*Victor J. Dowling,* assistant corporation counsel,
with whom, on the brief, was *Nicholas A. Lenge,*
corporation counsel, for the appellee (defendant).

MELLITZ, J. The substituted plaintiff had a verdict for damages for personal injuries sustained by her decedent as the result of a fall on an icy sidewalk. The trial court set the verdict aside on the ground that the plaintiff had failed to sustain the burden of proving due care on the part of the decedent, and the plaintiff has appealed.

From the evidence most favorable to the plaintiff, the jury could have found the following facts. The injury was sustained on February 13, 1948, and the decedent died in December, 1953, from causes unrelated to his fall. He was employed as a clerk in the post office at Hartford and lived with his wife on New Britain Avenue in West Hartford. During the afternoon of February 13, 1948, a light rain began to fall; at times it was mixed with snow. Before the decedent left the post office, his wife telephoned him and requested that he buy some groceries at a store which was an eight or ten minute walk from his home. He picked up the groceries and arrived home with them at about 8 p.m. He appeared to be in pain, and when his wife inquired what had happened, he told her he had fallen "on that ice in the sidewalk down in front of Rosenberg's." This was a store a short distance from their home. The decedent and his wife walked on the sidewalk there every day on their way to and from work. Several months after he fell, the decedent pointed out the spot to his wife. At the time of his fall, there was an accumulation of ice in front of the Rosenberg store. It was rough ice, one and one-half to two inches thick, and had footprints on it. It had been there for three or four days. There were no witnesses to the fall, and the only evidence relating to the manner of its occurrence was a statement made by the decedent to his wife that he just

slipped on the ice. His wife, who, as administratrix of his estate, was the substituted plaintiff, testified that the decedent knew about the ice before he fell.

The liability, if any, of the defendant for the injuries sustained by the decedent is purely statutory. It rests upon the statute which imposes liability for an injury upon a highway upon the party bound to keep the highway in repair. General Statutes § 13-11; *Wethersfield* v. *National Fire Ins. Co.,* 145 Conn. 368, 371, 143 A.2d 454; *Hornyak* v. *Fairfield,* 135 Conn. 619, 621, 67 A.2d 562; *Bartram* v. *Sharon,* 71 Conn. 686, 692, 43 A. 143. Liability could follow only from the existence of a defect which (1) resulted from the failure of the defendant to use reasonable care to keep the highways within its control in a reasonably safe condition for public travel; *Goldstein* v. *Hartford,* 144 Conn. 739, 740, 131 A.2d 927; *Petrelli* v. *New Haven,* 116 Conn. 144, 149, 163 A. 759; *Carl* v. *New Haven,* 93 Conn. 622, 625, 107 A. 502; and (2) was the sole proximate cause of the injury. *Fabrizi* v. *Golub,* 134 Conn. 89, 97, 55 A.2d 625; *Brosz* v. *Danbury,* 140 Conn. 279, 282, 99 A.2d 136. To establish liability upon the part of the defendant, the plaintiff had the burden of proving freedom from contributory negligence on the part of the decedent. *Leitkowski* v. *Norwich,* 125 Conn. 49, 51, 3 A.2d 84. This burden imposed upon the plaintiff the obligation of presenting adequate proof that the decedent's own negligence was not a proximate cause of his injury. *Jacen* v. *East Hartford,* 133 Conn. 243, 247, 50 A.2d 61. The plaintiff was bound to present evidence which would remove the matter from the realm of speculation and conjecture. *Tracy* v. *Welch,* 109 Conn. 144, 150, 145 A. 662; *Simauskas* v. *Connecticut Co.,* 102 Conn. 61, 66, 127 A. 918; *Plona* v. *Connecticut Co.,* 101 Conn. 445, 448,

126 A. 529; *Fay* v. *Hartford & Springfield Street Ry. Co.*, 81 Conn. 330, 335, 71 A. 364. While it was not essential that the issue be resolved by direct evidence, it was necessary to show facts or circumstances affording a logical basis for an inference justifying a belief that it was more probable than otherwise that the decedent was in the exercise of due care when he was injured. When the circumstances point as strongly to the absence as to the existence of due care, or point in neither direction, there is no basis for a finding of due care. *Kligerman* v. *Rosenstein*, 128 Conn. 455, 458, 23 A.2d 925; *Kotler* v. *Lalley*, 112 Conn. 86, 90, 151 A. 433; *Mullen* v. *Mohican Co.*, 97 Conn. 97, 100, 115 A. 685.

No evidence was presented as to the decedent's conduct at or prior to the time of his fall. The complete absence of any such evidence was of particular significance in the light of the testimony that the decedent knew of the existence of the icy condition. *Brosz* v. *Danbury*, supra, 281. The difficulties in the problem of proof where there is no eyewitness have engaged our attention in a number of cases. *Tomasko* v. *Raucci*, 113 Conn. 274, 276, 155 A. 64; *Kotler* v. *Lalley*, supra, 89; *Mullen* v. *Mohican Co.*, supra; *Ryan* v. *Bristol*, 63 Conn. 26, 29, 27 A. 309. The *Kotler* case was followed by legislative action in 1931 shifting to the defendant the burden of proving contributory negligence in actions to recover damages for death resulting from negligence; Cum. Sup. 1935, § 1654c; and also, by subsequent amendment, in all personal injury actions based on negligence. General Statutes § 52-114. The plaintiff's burden of proving due care, in an action brought against a municipality under § 13-11, was not affected. *Jacen* v. *East Hartford*, 133 Conn. 243, 246, 50 A.2d 61. Upon the evidence in this case, the jury could not

find that the decedent was in the exercise of due care without resorting to speculation and conjecture. In the absence of such a finding, there was no basis for a verdict for the plaintiff. The action of the court in setting aside the verdict was proper.

There is no error.

In this opinion the other judges concurred.