[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case the plaintiff alleges that the injuries and losses she sustained on August 10, 1994, at 8:30 P.M. when she fell on the highway CT Page 13101 adjacent to 306 East Main Street, Meriden, Connecticut, were caused by the breach of the statutory duty imposed on the City by section 13a-149 of the General Statutes.
In order to impose liability upon the City, the injured person is required to prove that the highway was defective and the City was the party bound to keep it in repair and failed to do after notice actual or constructive of the defect. The statute requires the injured person to provide timely written notice of such injury and a general description of same and of the cause thereof and of the time and place of the occurrence to the clerk of the City. The plaintiff provided such notice to defendant. A person bringing an action under the municipal highway statute must not only prove that he was injured by means of a defective highway, bridge or sidewalk but that the defect was the sole proximate cause of his injuries,White v. Burns, 213 Conn. 307 (1990). This phraseology requires the plaintiff to allege and prove that he was in the exercise of due care before he can recover. Burke v. West Hartford, 147 Conn. 149. Liability, if any, of the defendant for injuries is purely statutory; Bartram v.Sharon, 71 Conn. 686, 692 and can only follow from the existence of a defect which (1) results from the failure of the defendant to use reasonable care to keep the highways within its control in a reasonably safe condition for public travel; Goldstein v. Hartford, 144 Conn. 739, 740
and (2) was the sole proximate cause of the injury. Fabrizzi v. Golub.
The plaintiff's testimony as to the existence of a defect in the roadway near the curb in front of 306 East Main was corroborated by various photographs, Plaintiff's Exhibits A through G inclusive, and the testimony of Mr. Hobbes. Hobbes operated a business at 306 East Main and offered credible testimony describing the defect and establishing that it had been in existence for a period of time sufficient to support plaintiff's claim that the defendant should have known of its existence and failed to take reasonable steps to repair it. The defect, a depression in the roadway, approximately eight inches in diameter, was under the control of the defendant and constituted a condition in the highway that was not reasonably safe for public cross. In this instance the plaintiff angle parked her pickup truck at the curb and was walking in the area shown in Exhibit B when she fell suffering an acute sprain of her right ankle. The incident occurred between 8 and 9 P.M. in an area reasonably lighted by street lights. The plaintiff was carrying a tray or box of food and was obligated to stand in the road to remove the box of food from the truckbed. The plaintiff did nothing which involved an undue risk of harm to her self and was in the exercise of due care when she was caused to fall.
As a consequence of this fall which caused an injury to her right ankle, the plaintiff visited the emergency room of the local hospital where CT Page 13102 she was treated, released and referred to an orthopedist. Plaintiff was out of work for approximately one week and incurred hospital and medical bills, totalling $2,720.07. Plaintiff treated with her physician from August 17, 1994 through February 20, 1995, approximately six times. X-rays and a bone scan ruled out any evidence of a degenerative disease, but she has an impairment of her right ankle resulting from the injuries that she received when she fell on August 10 of 5 percent. Plaintiff has continued working since the incident and continued to perform her regular activities of daily living.
Judgment may enter for the plaintiff in the amount of $9,000.00 plus costs.
Dorsey, J.