[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Salome Sousa brought this action against the City of Hartford in Count one of her complaint dated October 18, 1996. Count two of the complaint against Morris A. Schiller has been withdrawn.
The plaintiff alleges that on or about October 22, 1994 she fell on a sidewalk located on Park Street in the City of Hartford, that there was a defect in the sidewalk, that the City has failed to maintain the sidewalk in a safe condition, that the City knew or should have known of the defect, and that the City failed to post a notice or provide other warning of the dangerous condition. She claims that the sidewalks were in a dangerous condition because they were not level nor flat from sidewalk to sidewalk and not level, nor flat at the sidewalk joints. As a result of such dangerous condition on Park Street she alleges CT Page 16022 that she sustained certain injuries.
A trial to the court was held on December 9, 1999. The court finds the following.
On the day in question at about 11:00 a.m. the plaintiff left work and walked onto Park Street so that she could do some errands. She was on her way to have her hair cut. She claims she fell when her foot hit the sidewalk which was uneven. Her fall caused her to injure her chin, knee, and shoulder, neck and hand.
The plaintiff testified that she had been on that same sidewalk "many times", had never noticed the uneven slabs before, and did not know how long the unbalanced slabs had existed. At deposition she had testified that the difference in elevation between the slabs where she fell was very slight.
"The plaintiff's cause of action is based on the defendant's breach of its duty to maintain and keep in repair the sidewalk . . . as required by General Statutes § 13a-149. The defendant's liability may only arise from a breach of duty imposed by this statute . . . To establish liability, the plaintiff had the burden of proving (1) the existence of a defect which resulted from the failure of the defendant to use reasonable care to keep the sidewalks within its control in a reasonably safe condition for public travel; (2) notice, either actual or constructive, to the defendant of the defect; and (3) the exercise by him of due care." Rodriguez v. New Haven,183 Conn. 473, 475-476 (1981); Lukas v. New Haven, 184 Conn. 205
(1981) Steele v. Stonington, 225 Conn. 217 (1993).
Although the plaintiff was unfortunately injured when she fell on the sidewalk, she cannot prevail in her claim against the City of Hartford for two reasons. The court finds that she has failed to prove that she herself was in the exercise of due care. Whether she was in the exercise of due care and free of any contributory negligence was left to speculation. Burke v. WestHartford, 147 Conn. 149 (1960). Furthermore, she failed to prove that the City had any notice whatsoever, either actual or constructive, of the so-called defect in the sidewalk. In fact, she herself had walked on the sidewalk in the area where she fell many times before and had never noticed any "defect" in the sidewalk.
Accordingly, judgment may enter for the defendant. CT Page 16023
Frances Allen Judge Trial Referee